## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JILL EDWARDS,<br><br>              Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. TRANS UNION LLC, and WEBBANK,<br><br>              Defendants. | Civil Action No. 3:25-cv-00424<br><br><br>**WEBBANK'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant, WebBank, answers the Complaint filed by Jill Edwards as follows:

Except as expressly admitted or qualified below, WebBank denies each and every allegation of the Complaint.

## <u>INTRODUCTION</u>

1.      In this action, the CRA Defendants falsely reported to Plaintiff's potential creditors that Plaintiff was liable for numerous fraudulent accounts that in fact resulted from identity theft, in violation of 15 U.S.C. § 1681e(b). Each CRA Defendant also failed to conduct reasonable reinvestigation(s) to determine whether information Plaintiff disputed was inaccurate and failed to block, correct, and/or delete the disputed information from Plaintiff's credit file, in violation of 15 U.S.C. §§ 1681c-2 and 1681i.

**ANSWER**: Paragraph 1 contains a statement to which no response is necessary. To the extent a response is required, and to the extent paragraph 1 concerns WebBank, WebBank denies the allegations. To the extent paragraph 1 concerns other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2.      Moreover, in this action, WebBank failed to reasonably investigate Plaintiff's disputes and review all relevant information provided by Plaintiff and/or each CRA Defendant, in violation of 15 U.S.C. § 1681s-2(b).

**ANSWER**: WebBank denies the allegations in paragraph 2.

## BACKGROUND

3.       In 1970, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), requiring consumer reporting agencies ("CRAs") to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers. 15 U.S.C. § 1681e(b) (emphasis added).

**ANSWER**: Paragraph 3 contains a statement to which no response is necessary. To

the extent a response is required, and to the extent paragraph 3 concerns WebBank, WebBank

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 3 and therefore denies them.

4.       In doing so, Congress recognized that:

[the] banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

15 U.S.C. § 1681(a)(1).

**ANSWER**: Paragraph 4 asserts legal conclusions to which no response is required.

To the extent a response is required, and to the extent paragraph 4 concerns WebBank,

WebBank lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 4 and therefore denies them.

5.       Accordingly, the FCRA helps ensure that CRAs "exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). CRAs' procedures should be "reasonable," i.e., "fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of [] information." 15 U.S.C. § 1681(b).

**ANSWER**: Paragraph 5 asserts legal conclusions to which no response is required.

To the extent a response is required, and to the extent paragraph 5 concerns WebBank,

WebBank lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 5 and therefore denies them.

6.       The preservation of one's good name and reputation is at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) (quoting 116 Cong. Rec. 36570 (1970)).

**ANSWER**: Paragraph 6 asserts legal conclusions to which no response is required.

To the extent a response is required, and to the extent paragraph 6 concerns WebBank,

WebBank lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 6 and therefore denies them.

7.     As society's "trend toward computerization" intensifies, the FCRA's relevance has only grown. In 2024, a unanimous Supreme Court—discussing the "importance of accuracy in credit reporting"—agreed that, today, "[a] credit report can determine everything from whether a person can secure a credit card, purchase a home, win a new job, or start a small business." *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. (2024) (holding §1681s-2(b) applies to federal agencies like DOE).

**ANSWER**: Paragraph 7 asserts legal conclusions to which no response is required.

To the extent a response is required, and to the extent paragraph 7 concerns WebBank,

WebBank lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 7 and therefore denies them.

8.     The FCRA is meant to ensure that such consumers are given a fair shake, but Kirtz cited findings that "over 34% of consumers [] were able to identify at least one error in their credit reports." *Id.* The Court agreed that "[m]istakes like these can lead lenders to insist on higher interest rates or other terms that make it difficult or impossible for consumers to obtain a mortgage, auto loan, student loan, or other credit." *Id.* (internal quotations omitted).

**ANSWER**: Paragraph 8 asserts statements and legal conclusions to which no

response is required. To the extent a response is required, and to the extent paragraph 8

concerns WebBank, WebBank lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 8 and therefore denies them.

SG-22243382.1

9.     In 2022, a bipartisan congressional subcommittee called on the CFPB to investigate "longstanding problems with the practices employed by the [CRAs] in responding to consumers who challenge credit reporting errors"—opining that "consumers are experiencing no small measure of stress, frustration, and financial hardship as a result of the [CRAs'] failure to correct legitimate errors on their credit reports." Letter to the Honorable Rohit Chopra, House Select Subcommittee on the Coronavirus Crisis, 117th Congress (October 13, 2022).

**ANSWER**: Paragraph 9 asserts statements and conclusions to which no response is

required. To the extent a response is required, and to the extent paragraph 9 concerns

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 9 and therefore denies them.

## PARTIES

10.     Jill Edwards ("Plaintiff" or "Ms. Edwards") is a natural person residing in Vernon, Connecticut, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER**: With respect to the allegations in paragraph 10 of the Complaint,

WebBank admits on information and belief that Plaintiff is a natural person. WebBank lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 10 and therefore denies them.

11.     Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of Connecticut, including within this District. Equifax can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

**ANSWER**: The allegations in paragraph 11 concern another defendant and, therefore,

WebBank lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 11 and denies them.

12.     Defendant Experian Information Solutions, Inc. ("Experian") is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, and is authorized to do business in the State of Connecticut, including within this District. Experian can be served through its registered agent, C T Corporation System, at 330 North Brand Boulevard, Glendale, California 91203. Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

SG-22243382.1

**ANSWER**: The allegations in paragraph 12 concern another defendant and, therefore, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and denies them.

13. Defendant Trans Union LLC ("Trans Union") is a corporation with a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661, and is authorized to do business in the State of Connecticut, including within this District. Trans Union can be served through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

**ANSWER**: The allegations in paragraph 13 concern another defendant and, therefore, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and denies them.

14. Defendant WebBank is a corporation with a principal place of business located at 215 S State St, Ste 1000, Salt Lake City, UT 84111, and is authorized to do business in the State of Connecticut, including within this District. WebBank can be served through its registered agent, Corporation Service Company, at 15 West South Temple, Suite 600, Salt Lake City, UT, 84101. Defendant WebBank is a "Furnisher" as defined in 12 CFR 1022.41 and is a "person" as defined by 15 U.S.C. § 1681a(b).

**ANSWER**: WebBank admits that it is an FDIC-insured, state-chartered industrial bank located at 215 S. State Street, Suite 1000, Salt Lake City, UT 84111. WebBank admits its registered agent for service of process is Corporation Service Company, at 15 West South Temple, Suite 600, Salt Lake City, UT 84101. WebBank admits it is authorized to do business in Connecticut and this District. The remaining allegations in paragraph 14 regarding WebBank being a "Furnisher" and "person" assert legal conclusions to which no response is necessary. To the extent a response is required, WebBank denies the allegations in paragraph 14.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (allowing FCRA claims to be brought in any "court of competent jurisdiction").

**ANSWER**: WebBank admits that jurisdiction in this Court is proper. WebBank

denies any remaining allegations in paragraph 15.

16.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER**: WebBank does not dispute venue in the District Court for the District of

Connecticut. WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 16.

## FACTUAL ALLEGATIONS

### Plaintiff Becomes an Identity Theft Victim

17.    A victim of multiple data breaches, Plaintiff's identity was stolen, upon information and belief, in or around 2017. Plaintiff disputed or attempted to dispute the accounts and correct her credit reports after discovering the fraud.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 17 and therefore denies them.

18.    On April 21, 2024, Plaintiff filed an FTC Identity Theft Report in which she identified a number of inaccurate accounts and inquires on her credit reports with each CRA Defendant, including a First Premier tradeline; two LVNV Funding Resurgent tradelines; a WebBank Fingerhut tradeline; and a WebBank Gettington tradeline.

**ANSWER**: With respect to the allegations in paragraph 18 of the Complaint,

WebBank received a copy of a FTC Identity Theft Report dated April 21, 2024 with the

ACDV dated July 15, 2024. WebBank states that the document speaks for itself, and denies

any representation or characterization inconsistent therewith.  WebBank lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 18 and therefore denies them.

19.    On May 1, 2024, Plaintiff also visited the Vernon Police Department and filed a police report about the fraudulent tradelines.

**ANSWER**:  With respect to the allegations in paragraph 19 of the Complaint,

WebBank received a copy of a Vernon Police Department Report that is illegible and a poor

copy, but seems to be dated May 1, 2024. WebBank lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and

therefore denies them.

### Plaintiff's Dispute to Defendant Equifax

20.    On or about June 21, 2024, Plaintiff sent a letter to dispute Defendant Equifax's inaccurate reporting.

**ANSWER**: With respect to the allegations in paragraph 20 of the Complaint,

WebBank states that it received copies of letter sent to Equifax and signed Jill Edwards and

dated June 13, 2024. WebBank received copies of the letters from Equifax. WebBank states

the letters speak for themselves and WebBank denies any representation or characterization

inconsistent therewith. WebBank lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 20 and therefore denies them.

21.    Plaintiff's letter enclosed a copy of her Connecticut driver's license and her Social Security card. Plaintiff's letter explained that she was a victim of identity theft and attached copies of her reports with the police and the FTC.

**ANSWER**: With respect to the allegations in paragraph 21 of the Complaint, the

letters speak for themselves and WebBank denies any representation or characterization

inconsistent therewith. WebBank lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 21 and therefore denies them.

22.    Plaintiff's letter identified the following accounts as not having been opened by Plaintiff:

 a.    NAME: FIRST PREMIER
ACCOUNT NUMBER: xxxxxxxxxxxx 3482
BALANCE: $1,003
DATE OPENED: 11/06/2018

 b.    NAME: MONROE & MAIN
ACCOUNT NUMBER: xxxxxxxxx 2110
BALANCE: $537
DATE OPENED: 08/12/2019

 c.    NAME: FINGERHUT/WEBBANK
ACCOUNT NUMBER: xxxxxxxxxxxx 8163
DATE OPENED: 11/12/2018
STATUS: CHARGEOFF

    d.  NAME: WEBBANK/GETTINGTON
ACCOUNT NUMBER: xxxxxxxxxxxx 7409
DATE OPENED: 11/13/2018
STATUS: CHARGE OFF

    e.  NAME: PORTFOLIO RECOVERY ASSOC
ACCOUNT NUMBER: xxxxxxxxxxxxxxx 7481
BALANCE: $710
DATE OPENED: 10/26/2021

    f.  NAME: LVNV FUNDING LLC
ACCOUNT NUMBER: xxxxxxxxxxxx 7409
BALANCE: $973
DATE OPENED: 01/29/2020

    g.  NAME: LVNV FUNDING LLC
ACCOUNT NUMBER: xxxxxxxxxxxx 4695
BALANCE: $870
DATE OPENED: 12/17/2019

    h.  NAME: CAVALRY PORTFOLIO SVCS
ORIGINAL CREDITOR: CITIBANK
ACCOUNT NUMBER: ********99
BALANCE: $505
DATE OPENED: 03/26/2020

**ANSWER**: With respect to the allegations in paragraph 22, the letters speak for

themselves and WebBank denies any representation or characterization inconsistent

therewith. WebBank lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 22 and therefore denies them.

23.    Plaintiff's FTC Affidavit listed other fraudulent tradelines and inquiries in the "Personal Statement."

**ANSWER**: With respect to the allegations in paragraph 23, the letters speak for

themselves and WebBank denies any representation or characterization inconsistent

therewith. WebBank lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 23 and therefore denies them.

24.    Plaintiff's letter further stated that Equifax was inaccurately reporting her date of birth: December 18, 1969 instead of December 18, 1970.

SG-22243382.1

**ANSWER**: With respect to the allegations in paragraph 24, the letters speak for themselves and WebBank denies any representation or characterization inconsistent therewith. WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

### Plaintiff's Dispute to Defendant Experian

25.     On or about June 21, 2024, Plaintiff sent a letter to dispute Defendant Experian's inaccurate reporting.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.     Plaintiff's letter enclosed a copy of her Connecticut driver's license and her Social Security card. Plaintiff's letter explained that she was a victim of identity theft and attached copies of her reports with the police and the FTC.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     Plaintiff's letter identified the following accounts as not having been opened by Plaintiff:

    a.   NAME: CAVALRY PORTFOLIO SERVICE
ORIGINAL CREDITOR: CITIBANK
ACCOUNT NUMBER: 216830XX
BALANCE: $505
DATE OPENED: 03/26/2020

    b.   NAME: MONROE AND MAIN
ACCOUNT NUMBER: 256363XXXXXXX
BALANCE: $537
DATE OPENED: 08/12/2019

    c.   NAME: PORTFOLIO RECOVERY ASSOCIATES
ORIGINAL CREDITOR: CAPITAL ONE BANK USA N.A.
ACCOUNT NUMBER: 517805XXXXXXXXXX
BALANCE: $710
DATE OPENED: 10/26/2021

    d.   NAME: PREMIER BKCRD/FIRST PREMIER
ACCOUNT NUMBER: 517800XXXXXXXXXX
BALANCE: $1,003
DATE OPENED: 11/06/2018

    e.  NAME: RESURGENT/LVNV FUNDING
ORIGINAL CREDITOR: CREDIT ONE BANK N.A.
ACCOUNT NUMBER: 444796XXXXXXXXXX
BALANCE: $870
DATE OPENED: 12/17/2019

    f.  NAME: RESURGENT/LVNV FUNDING
ORIGINAL CREDITOR: WEBBANK GETTINGTON
ACCOUNT NUMBER: 636992XXXXXXXXXX
BALANCE: $973
DATE OPENED: 01/29/2020

    g.  NAME: WEBBANK/FINGERHUT
ACCOUNT NUMBER: 636992XXXXXXXXXX
DATE OPENED: 11/12/2018
STATUS: Closed. $1,270 written off.

    h.  NAME: WEBBANK/GETTINGTON
ACCOUNT NUMBER: 636992XXXXXXXXXX
DATE OPENED: 11/13/2018
STATUS: Closed. $973 written off

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 27 and therefore denies them.

28.    Plaintiff's letter further stated that the following hard inquiry was a product of identity theft and asked for it to be deleted: DT CREDIT, 11/27/2022.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 28 and therefore denies them.

### Plaintiff's Dispute to Defendant Trans Union

29.    On or about June 21, 2024, Plaintiff sent a letter to dispute Defendant Trans Union's inaccurate reporting.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 29 and therefore denies them.

30.    Plaintiff's letter enclosed a copy of her Connecticut driver's license and her Social Security card. Plaintiff's letter explained that she was a victim of identity theft and attached copies of her reports with the police and the FTC.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 30 and therefore denies them.

31.    Plaintiff's letter identified the following accounts as not having been opened by Plaintiff:

 a. NAME: FIRST PREMIER BANK
ACCOUNT NUMBER: 517800678819****
BALANCE: $1,003
DATE OPENED: 11/06/2018

 b. NAME: MONROE & MAIN
ACCOUNT NUMBER: 256363233****
BALANCE: $537
DATE OPENED: 08/12/2019

 c. NAME: WEBBANK/FINGERHUT
ACCOUNT NUMBER: 636992107356****
DATE OPENED: 11/12/2018
STATUS: SOLD; WAS CHARGED-OFF

 d. NAME: WEBBANK/GETTINGTON
ACCOUNT NUMBER: 636992010515****
DATE OPENED: 11/13/2018
STATUS: SOLD; WAS CHARGED-OFF

 e. NAME: CAVALRY PORTFOLIO SVCS
ORIGINAL CREDITOR: CITIBANK
ACCOUNT NUMBER: 2168****
BALANCE: $505
DATE OPENED: 03/26/2020

 f. NAME: LVNV FUNDING LLC
ORIGINAL CREDITOR: CREDIT ONE BANK N A
ACCOUNT NUMBER: 444796238048****
BALANCE: $870
DATE OPENED: 12/17/2019

 g. NAME: LVNV FUNDING LLC
ORIGINAL CREDITOR: WEBBANK GETTINGTON
ACCOUNT NUMBER: 636992010515****
BALANCE: $973
DATE OPENED: 01/29/2020

 h. NAME: PORTFOLIO RECOVERY
ORIGINAL CREDITOR: CAPITAL ONE BANK USA N A
ACCOUNT NUMBER: 517805792641****
BALANCE: $710
DATE OPENED: 10/26/2021

11

> i.   NAME: SPRING OAKS CAPITAL LLC
> ORIGINAL CREDITOR: CELTIC BANK
> ACCOUNT NUMBER: 11060****
> BALANCE: $736
> DATE OPENED: 07/23/2021

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

### Defendant Equifax Fails to Reasonably Reinvestigate Plaintiff's Dispute

32.    On or about July 6, 2024, Defendant Equifax received Plaintiff's dispute and request that identity theft information be blocked from her credit file.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33.    On July 6, 2024, Defendant Equifax issued two letters to Plaintiff.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.    One letter stated that Equifax would contact the furnishers to verify the disputed information, however it would not be blocked, because the request provided was supposedly missing personal identifying information (which it in fact was not).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.    Another letter stated that Equifax was not able to verify Plaintiff's identity—despite Plaintiff's dispute having enclosed copies of Plaintiff's Social Security card, driver license, FTC Affidavit, and police report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.    Despite the fact that Plaintiff did not receive any correspondence with the reinvestigation results, on August 10, 2024, Defendant Equifax issued a letter that explained that although it had previously removed the WEBBANK/FINGERHUT account from the Equifax credit file, it had obtained a certification from the furnisher that stated the account belongs to Plaintiff, and as a result, the account had been reinserted.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 36 and therefore denies them.

37.    Upon information and belief, Defendant Equifax sent to Defendant WebBank an automated credit dispute verification ("ACDV") pursuant to Plaintiff's June 21, 2024, dispute to Defendant Equifax.

**ANSWER**: To the extent paragraph 37 concerns other defendants, WebBank lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies them. WebBank admits it received a ACDV from Equifax on July 6, 2024.

38.    Upon information and belief, Defendant WebBank received Defendant Equifax's ACDV and failed to adequately investigate Plaintiff's dispute.

**ANSWER**: WebBank admits that it received a ACDV from Equifax on July 6, 2024.

The remaining allegations in paragraph 38 contain a legal conclusion to which no response is

required. To the extent a response is required, WebBank denies that it failed to adequately

investigate Plaintiff's dispute.

39.    On or about September 10, 2024, Plaintiff obtained a copy of her consumer report and discovered that besides the reinserted WEBBANK/FINGERHUT tradeline, Defendant Equifax was also reporting the WEBBANK/GETTINGTON tradeline. The other disputed tradelines were deleted.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 39 and therefore denies them.

**Defendant Experian Fails to Reasonably Reinvestigate Plaintiff's Dispute**

40.    On or about June 24, 2024, Defendant Experian received Plaintiff's dispute and request that identity theft information be blocked from her credit file.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 40 and therefore denies them.

41.    On July 1, 2024, Defendant Experian sent an email to Plaintiff in response to Plaintiff's dispute wherein it stated that it would not investigate Plaintiff's dispute due to a vaguely phrased concern that the dispute had not been directly sent from, or authorized by, Plaintiff.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 41 and therefore denies them.

SG-22243382.1

42.    On July 9, 2024, Plaintiff sent another dispute and requested that identity theft information be blocked from her credit file.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43.    On July 15, 2024, Defendant Experian sent another identical email to Plaintiff in response to Plaintiff's second dispute wherein it stated that it would not investigate Plaintiff's dispute because the dispute had not been directly sent from, or authorized by, Plaintiff.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44.    However, on July 17, 2024, Experian responded to Plaintiff's dispute.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45.    After reviewing the dispute results, Plaintiff stated that all the inaccurate information and tradelines had been removed, with the exception of the DT CREDIT hard inquiry.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46.    On or about September 2, 2024, Plaintiff obtained a copy of her Experian consumer report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47.    Upon review, Plaintiff was shocked to find that Experian had reinserted, and was still reporting, the WEBBANK/GETTINGTON and WEBBANK/FINGERHUT tradelines.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48.    Upon information and belief, Defendant Experian sent Defendant WebBank an ACDV pursuant to Plaintiff's June 2024 and/or July 2024 disputes to Defendant Experian.

**ANSWER**: To the extent they concern WebBank, WebBank denies the allegations in paragraph 48. To the extent paragraph 48 concerns other defendants, WebBank lacks

14

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

49.    Upon information and belief, Defendant WebBank received Defendant Experian's respective ACDVs and failed to adequately investigate Plaintiff's dispute.

**ANSWER**: To the extent they concern WebBank, WebBank denies the allegations in paragraph 49. The remaining allegations in paragraph 49 contain a legal conclusion to which no response is required. To the extent a response is required, WebBank denies that it failed to adequately investigate Plaintiff's dispute.

**Defendant Trans Union Fails to Reasonably Reinvestigate Plaintiff's Dispute**

50.    On or about June 25, 2024, Defendant Trans Union received Plaintiff's dispute and request that identity theft information be blocked from her credit file.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51.    On June 29, 2024, Defendant Trans Union issued a letter in response to Plaintiff's dispute wherein it stated that it would not investigate Plaintiff's dispute due to a vaguely phrased concern that the dispute had not been directly sent from, or authorized by, Plaintiff.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52.    On or about July 8, 2024, Plaintiff submitted another dispute and requested that the identity theft information be blocked from her credit file.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.    On July 11, 2024, Defendant Trans Union responded to Plaintiff's dispute.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.    After reviewing the dispute results, Plaintiff stated that all the inaccurate information had been removed.

SG-22243382.1

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.     However, on August 2, 2024, Defendant Trans Union issued a letter that explained that the WEBBANK/FINGERHUT account was reinserted, because it "has been verified."

**ANSWER**: WebBank denies the allegations in paragraph 55 to the extent they concern WebBank. To the extent paragraph 55 concerns other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56.     Upon information and belief, Defendant Trans Union sent to Defendant WebBank an automated credit dispute verification ("ACDV") pursuant to Plaintiff's July 2024, dispute to Defendant Trans Union.

**ANSWER**: WebBank denies the allegations in paragraph 56 to the extent they concern WebBank. To the extent paragraph 56 concerns other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57.     Upon information and belief, Defendant WebBank received Defendant Trans Union's ACDV and failed to adequately investigate Plaintiff's dispute.

**ANSWER**: To the extent they concern WebBank, WebBank denies the allegations in paragraph 57. The remaining allegations in paragraph 57 contain a legal conclusion to which no response is required. To the extent a response is required, WebBank denies that it failed to adequately investigate Plaintiff's dispute.

58.     On or about September 2, 2024, Plaintiff obtained a copy of her Trans Union consumer report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.     Upon review, Plaintiff was shocked to find that besides the reinserted WEBBANK/FINGERHUT tradeline, Defendant Trans Union was also reporting the WEBBANK/GETTINGTON tradeline.

**ANSWER**: WebBank denies the allegations in paragraph 59 to the extent they

concern WebBank. To the extent paragraph 59 concerns other defendants, WebBank lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies them.

### WebBank's Unreasonable Dispute Investigations

60.    Upon information and belief, Defendant WebBank verified the disputed information as accurate in response to Defendant Equifax's ACDV(s) after failing to perform an adequate investigation.

**ANSWER**: WebBank admits that it received an ACDV from Equifax on July 7, 2024

and admits it responded the disputed information was accurate. WebBank denies the

remaining allegations in paragraph 60.

61.    Upon information and belief, Defendant WebBank verified the disputed information as accurate in response to Defendant Experian's ACDV(s) after failing to perform an adequate investigation.

**ANSWER**: WebBank denies the allegations in paragraph 61.

62.    Upon information and belief, Defendant WebBank verified the disputed information as accurate in response to Defendant Trans Union's ACDV(s) after failing to perform an adequate investigation.

**ANSWER**: WebBank denies the allegations in paragraph 62.

63.    By contrast, all the other tradelines Plaintiff disputed were deleted—indicating that those furnishers performed adequate and reasonable investigations that reached the correct result, unlike WebBank.

**ANSWER**: WebBank denies the allegations in paragraph 63.

### Damages

64.    Plaintiff's consumer reports with each CRA Defendant, bearing the false information, were published to third parties, including Plaintiff's potential creditors.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 64 and therefore denies them.

65.    As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove the information which were the product of identity theft; and the

expenditure of labor and effort disputing and trying to remove the information which were the product of identity theft.

**ANSWER**: The allegations in paragraph 65 assert legal conclusions to which no response is necessary. To the extent a response is required, and to the extent they concern WebBank, WebBank denies the allegations. To the extent paragraph 65 concerns other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

66.    Plaintiff has also had to deal with small claims litigation regarding certain fraudulent accounts that were reported, further exacerbating the stress of the situation and lost time.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67.    Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68.    At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein. At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, and/or reckless, and in disregard of federal law and the rights of Plaintiff herein.

**ANSWER**: The allegations in paragraph 68 assert legal conclusions to which no response is necessary. To the extent a response is required, and to the extent they concern WebBank, WebBank denies the allegations. To the extent paragraph 68 concerns other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **15 U.S.C. § 1681e(b)**
### **Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
### **(First Claim for Relief Against Each CRA Defendant)**

69.     Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing

paragraphs of the Complaint.

70.     Each CRA Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure "maximum possible accuracy" in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

**ANSWER**: The allegations in paragraph 70 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 70 and therefore denies them.

71.     Each CRA Defendant's separate and independent violations were willful, rendering each CRA Defendant liable for actual and/or statutory damages, as well as punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**: The allegations in paragraph 71 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 71 and therefore denies them.

72.     Plaintiff is entitled to recover attorneys' fees and costs from each CRA Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER**: The allegations in paragraph 72 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 72 and therefore denies them.

## COUNT II
## 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation
### (Second Claim for Relief Against Each CRA Defendant)

73.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing

paragraphs of the Complaint.

74.    Each CRA Defendant violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) and by failing to maintain reasonable procedures to investigate Plaintiff's dispute(s).

**ANSWER**: The allegations in paragraph 74 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 74 and therefore denies them.

75.    Each CRA Defendant's separate and independent violations were willful, rendering each CRA Defendant liable for actual and/or statutory damages, as well as punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**: The allegations in paragraph 75 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 75 and therefore denies them.

76.    Plaintiff is entitled to recover attorneys' fees and costs from each CRA Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER**: The allegations in paragraph 76 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 76 and therefore denies them.

**COUNT III**
**15 U.S.C. § 1681c-2**
**Failure to Block Identity Theft Information**
**(Third Claim for Relief Against Each CRA Defendant)**

77.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing

paragraphs of the Complaint.

78.    Each CRA Defendant violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information, caused by identity theft, from Plaintiff's file.

**ANSWER**: The allegations in paragraph 78 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 78 and therefore denies them.

79.    Each CRA Defendant's violations were willful, rendering each CRA Defendant liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, each CRA Defendant's violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**: The allegations in paragraph 79 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 79 and therefore denies them.

80.    Plaintiff is entitled to recover attorneys' fees and costs from each CRA Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER**: The allegations in paragraph 80 assert legal conclusions to which no

response is necessary.  To the extent a response is required, and to the extent they concern

WebBank, WebBank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 80 and therefore denies them.

21

## COUNT IV
### 15 U.S.C. § 1681s-2(b)
### Failure to Reasonably Investigate Dispute and Review all Relevant Information Provided by the Consumer
### (Only Claim for Relief Against Defendant WebBank)

81.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing

paragraphs of the Complaint.

82.    Defendant WebBank violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s); by failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the CRA Defendants; and by failing to cease furnishing inaccurate information relating to Plaintiff to the CRA Defendants.

**ANSWER**: The allegations in paragraph 82 assert legal conclusions to which no

response is necessary.  To the extent a response is required, WebBank denies the allegations

in paragraph 82.

83.    Defendant WebBank's violations were willful, rendering Defendant WebBank liable for actual and/or statutory damages, as well as punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**: The allegations in paragraph 83 assert legal conclusions to which no

response is necessary.  To the extent a response is required, WebBank denies the allegations

in paragraph 83.

84.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant WebBank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER**: The allegations in paragraph 84 assert legal conclusions to which no

response is necessary.  To the extent a response is required, WebBank denies the allegations

in paragraph 84.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that each Defendant negligently and/or willfully violated the FCRA;
ii. Awarding against each Defendant actual, statutory, and punitive damages as provided by the FCRA;
iii Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA;
iv. Ordering the CRA Defendants to:
   a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom any CRA Defendant reported consumer credit information; and
   b. send updated and corrected credit report information to all persons and entities to whom any CRA Defendant reported inaccurate information about Plaintiff within the last three years; and
v. Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER**: To the extent that the WHEREFORE Section immediately following paragraph 84 concerns WebBank, WebBank denies that Plaintiff is entitled to any relief sought in that section. To the extent that the WHEREFORE Section immediately following paragraph 84 concerns other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**ANSWER**: WebBank admits only that Plaintiff has requested a jury trial.

**WEBBANK'S AFFIRMATIVE DEFENSES**

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate her damages, if any.

3. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which WebBank has no control.

SG-22243382.1

4. WebBank acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

5. WebBank acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

6. The alleged actions of WebBank were not the proximate cause of any injury or loss allegedly suffered by Plaintiff.

7. WebBank pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

8. Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account. WebBank reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

9. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

10. WebBank reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

WHEREFORE, WebBank respectfully requests that this Court:

a. Dismiss all of Plaintiff's claims against WebBank on the merits and with prejudice;

b. Award WebBank all costs, disbursements, and reasonable attorneys' fees allowed by law; and

c. Grant WebBank any other relief that the Court deems just and equitable.

WEBBANK


 */S/ Peter J. Murphy*
Peter J. Murphy
Federal Bar No. ct26825
Shipman & Goodwin LLC
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5316
Email: pjmurphy@goodwin.com

*Attorney for Respondent WebBank*

SG-22243382.1